Ernest Ray KOONCE, Plaintiff–
Appellant,

v.

INTERNAL REVENUE SERVICE;
Larry Lagrand, Agent; Fran Ber-
ry, Agent, Defendants–Appellees.

No. 02–41295.

Summary Calendar

United States Court of Appeals,
Fifth Circuit.

July 11, 2003.

Before HIGGINBOTHAM, SMITH, and
CLEMENT, Circuit Judges.

PER CURIAM.*

Ernest Ray Koonce, federal prisoner
# 66230–079, proceeding *pro se* and *in for-
ma pauperis* ("IFP"), appeals the district
court's dismissal of his complaint for lack
of subject matter jurisdiction and for fail-
ure to state a claim upon which relief may
be granted, and denying all outstanding
motions. Koonce brought suit against the
defendants pursuant to the Federal Tort
Claims Act ("FTCA"), *Bivens v. Six Un-
known Named Agents of Fed. Bureau of
Narcotics*, 403 U.S. 388, 91 S.Ct. 1999, 29
L.Ed.2d 619 (1971), common law torts, and
the Administrative Procedures Act
("APA"), after his airplane was struck by
another plane while sitting on the tarmac
at the Polk County Airport in Livingston,
Texas. At the time of the accident, the
airplane was in the possession of the Inter-
nal Revenue Service ("IRS"), after being
seized pursuant to a jeopardy assessment.

■ On appeal, Koonce argues that the
district court abused its discretion in not
granting his motion for default judgment
because the United States Marshal took
too long to serve his complaint on the
United States Attorney. Koonce has not

---

* Pursuant to 5TH CIR. R. 47.5, the court has
determined that this opinion should not be
published and is not precedent except under
the limited circumstances set forth in 5TH CIR.
R. 47.5.4.

shown that Government was in default. Therefore, he has not shown that the district court abused its discretion in denying his motion for default judgment. *See Lewis v. Lynn,* 236 F.3d 766, 767 (5th Cir. 2001).

■ Koonce's brief does not challenge adequately the district court's reasons for dismissing his claims. *See* FED. R.APP. P. 28(a)(9)(A). Rule 28(a)(9)(A) requires that the appellant's argument contain the reasons he deserves the requested relief with citation to the authorities, statutes and parts of the record relied on. Although we apply less stringent standards to parties proceeding *pro se* than to parties represented by counsel and liberally construe briefs of *pro se* litigants, *pro se* parties must still brief the issues and reasonably comply with the requirements of FED. R.APP. P. 28. *Grant v. Cuellar,* 59 F.3d 523, 524 (5th Cir.1995). When an appellant fails to identify any error in the district court's analysis, it is the same as if the appellant had not appealed that judgment. *Brinkmann v. Dallas County Deputy Sheriff Abner,* 813 F.2d 744, 748 (5th Cir.1987).

This appeal is without arguable merit and is frivolous. *Howard v. King,* 707 F.2d 215, 219–20 (5th Cir.1983). It is therefore DISMISSED. 5TH CIR. R. 42.2.

The dismissal of this appeal counts as a strike under the Prison Litigation Reform Act. *See Adepegba v. Hammons,* 103 F.3d 383, 387 (5th Cir.1996). Koonce is WARNED that if he accumulates three "strikes" under 28 U.S.C. § 1915(g) he will not be able to proceed IFP in any civil action or appeal filed while he is incarcerated or detained in any facility unless he is under imminent danger of serious physical injury. 28 U.S.C. § 1915(g).

* Pursuant to 5TH CIR. R. 47.5, the court has

APPEAL DISMISSED, SANCTION WARNING ISSUED.